# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **FREDRICK A. BROWN** | ) | **CASE NO. 1:18CV2820** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **WARDEN SHELBIE SMITH,** | ) | |
| | ) | |
| Respondent. | ) | |

This case is before the Court on Petitioner Fredrick A. Brown's Objections to Magistrate Judge William H. Baughman, Jr.'s order denying Petitioner's Motion to Expand the Record. Doc #: 18. For the reasons stated below, Brown's Objections, **Doc #: 18**, are **OVERRULED**.

## I. Background

The present Objections relate to a pretrial order issued by Magistrate Judge Baughman in Brown's 28 U.S.C. § 2254 Habeas Corpus proceeding.[1] On January 6, 2020, Brown filed a Motion to Expand the Record. Doc #: 13. In this Motion, he requests that the Magistrate Judge add the police reports of his arrest to the record.[2] Doc #: 13 at 2. Brown asserts that the police reports show that the officers gave false testimony during his criminal trial Doc #: 13 at 2.

Following Respondent's response brief and Brown's reply brief, Magistrate Judge Baughman denied Brown's Motion to Expand the Record. Doc #: 17. Brown now objects to the Magistrate Judge's order. Doc #: 18.

---

[1] Brown's case is before the Magistrate Judge by referral. Non-document order dated April 23, 2019.
[2] Brown also requested that the Magistrate Judge add a letter he wrote to his appellate counsel to the record. Doc #: 13 at 2. However, Brown's objections do not address the letter. Doc #: 18. Accordingly, this court does not review the Magistrate Judge's analysis for refusing to expand the record for the letter.

## II. Standard of Review

Under the relevant statute, "[a] judge of the [district] court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's . . . order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Vogel v. United States Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001).

## III. Discussion

The Magistrate Judge denied Brown's Motion because the police reports are not relevant to Brown's claim. Doc #: 17 at 6. The Court has reviewed the record and finds that the Magistrate Judge's Order is not clearly erroneous or contrary to law.

Brown's Objections are based in part on a misunderstanding of the Magistrate Judge's order. Brown believes that the Magistrate Judge denied his Motion because the police reports were not used during his trial. Doc #: 18 at 2. This is not correct. The Magistrate Judge denied Brown's Motion because the police reports are not relevant to his claim. Doc #: 17 at 6.

Further, the Magistrate Judge's conclusion that the police reports are not relevant is not clearly erroneous. Brown's Motion implicates only Ground Four of his four ground Habeas Corpus petition.[3] Doc #: 17 at 4. This ground states:

> Appellate Counsel was ineffective for failure to raise ineffective assistance of trial counsel['s] failure to file a motion to suppress and request a probable cause hearing, and challenge the unconstitutional pretextual stop and file a ninety day speedy motion to dismiss.

Doc #: 1 at 9.

Brown argues in his Motion and Objections that the police reports would impeach the Officers' testimony and show that they testified falsely during his criminal trial. Doc ##: 13 at 2;

---
[3] In his objections, Brown does not contest the Magistrate Judge's determination that Brown's Motion only implicates Ground Four.

18 at 3. Brown is presumably arguing that because of this, his trial counsel should have filed a motion to suppress based on the police reports; not doing so was ineffective assistance of counsel; and his appellate counsel should have argued on appeal that his trial counsel was ineffective.

However, the police reports could not have been used to impeach the officers' testimony and so are not relevant. The police reports and transcript are consistent in explaining the basis for the traffic stop and the continued investigation. Officer Martin explains both in the police report and during trial that he witnessed Brown commit traffic violations. Doc ##: 13-1 at 4; 10-4 at 26. These traffic violations prompted the traffic stop. Furthermore, Officers Martin and Bates explain both in the police reports and during trial that Officer Bates called a cellphone linked to prostitution and, at the same time, a cellphone in Brown's vehicle rang. Doc ##: 13-1 at 4, 6; 10-4 at 24-25, 118-119. This prompted continued investigation. Because the police reports are consistent with the police officers' testimony, they could not have been used to impeach the officers. Accordingly, the police reports are irrelevant on the issue of whether appellate counsel was ineffective by not arguing that trial counsel should have filed a motion to suppress.

Finally, the Magistrate Judge's denial to expand the record for the irrelevant police reports is not contrary to law. Courts in this District have explained that "Rule 7 of the Rules Governing Section 2254 Cases permits federal habeas courts to direct the parties to supplement the state court record with materials *relevant* to the resolution of the petition." Walker v. Marquis, No. 1:18CV0806, 2019 U.S. Dist. LEXIS 14056 at *7 (N.D. Ohio Jan. 28, 2019) (emphasis added). Thus, the Magistrate Judge was correct to refuse to expand the record for irrelevant police reports.

## IV.    CONCLUSION

Because the police reports are not relevant to the resolution of Ground Four, the Magistrate Judge's Order is not clearly erroneous or contrary to law. Consequently, the Court **OVERRULES** the objections, **Doc #: 18** and **ADOPTS** the Magistrate's Order, **Doc #: 17.**

**IT IS SO ORDERED.**

 */s/ Dan A. Polster    March 12, 2020*
**Dan Aaron Polster
United States District Judge**