IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| FREDRIC A. BROWN, | ) CASE NO.1:18-CV-02820-JPC |
| | ) |
| Plaintiff, | ) JUDGE J. PHILIP CALABRESE |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| WARDEN SHELBIE SMITH, | ) |
| | ) REPORT AND RECOMMENDATION |
| | ) |
| Defendant, | ) |

**Introduction**

Before me[1] is the *pro se* petition of Frederic A. Brown for a writ of habeas corpus

under 28 U.S.C. § 2254.[2] Brown is incarcerated by the State of Ohio at the Lebanon

Correctional Institution[3] where is serving an aggregate sentence of 13 years in prison

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Dan Aaron Polster in a non-document order entered on April 23, 2019. The case was re-assigned to United States District Judge J. Philip Calabrese in a non-document order entered on March 26, 2020.

[2] ECF No. 1.

[3] The place of incarceration was confirmed on the website of the Ohio Department of Rehabilitation and Corrections. http://www.drc.ohio.gov/offendersearch

imposed in 2015 by the Cuyahoga County Court of Common Pleas after Brown's s conviction at a bench trial of two counts arising from trafficking in persons.[4]

Brown in his petition states four ground for relief.[5]The State in its return of the writ argues that Grounds One [trial court error in permitting amendment of the indictment], Two [insufficiency of the evidence], and Four [ineffective assistance of appellate counsel] should be dismissed as non-cognizable state law claims[6] or as procedurally defaulted.[7]In addition, the State further maintains that all claims may be denied on the merits because the relevant Ohio appellate decision was neither contrary to, nor an unreasonable application of, clearly established federal law.[8]Brown filed a traverse.[9]

For the following reasons, I will recommend that this petition be dismissed in part and denied in part as is more fully detailed below.

## Proceedings in State Court

1. **Background Facts, Trial, and Sentence**

---

[4] ECF No. 10, Attachment 2 (state court record) at 50.

[5] ECF No. 1 at 5-9.

[6] ECF No. 10 at 18-20 (ground one), 39 (ground four).

[7] *Id*. at 24-27 (ground two), 35-38 (ground four).

[8] *Id*. at 20 (ground one), 27-28 (ground two), 30-31 (ground three), 44-45 (ground four).

[9] ECF No. 14.

The following summary is taken from a more complete statement of the background facts, supported by citations to the trial transcript, that is found in the State's brief on direct appeal.[10]

Brown, who owned and operated an unlicensed van service, began recruiting and prostituting women on Backpage.[11]Essentially, Brown would post an ad depicting the women he was prostituting that included the phone number of one of Brown's business phones.[12]When someone called that phone number requesting sex with one of the women, Brown would drive the woman to the location requested by the caller, wait, and then return the woman to her location, after taking 60 percent of the funds received.[13]

In July 2014, Brown, along with a female business associate, met with and recruited two fifteen-year-old women, R.W. and S.R., who agreed to work as prostitutes under Brown's terms.[14]After photographing these women inside a hotel room, Brown placed an advertisement in Backpage that included the photograph stating that the two were "brand new 18 year old models" available as a combination for $200 an hour.[15] The ad gave the phone number from one of Brown's phones.[16]

---

[10] ECF No. 10, Attachment 2 at 86-122.

[11] *Id*. at 93, citing record.

[12] *Id*., citing record.

[13] *Id*., citing record.

[14] *Id.* at 93-94, citing record.

[15] *Id.* at 94, citing record.

[16] *Id*., citing record.

After the ad was posted, people began calling the number, and then Brown and his female associate would transport the young women to the callers.[17]

While this was occurring, Officer Bates of the Independence, Ohio police was investigating Backpage and looking for ads that may indicate that minors were being sold for sex.[18]In the course of that investigation, Officer Bates saw the ad containing the photo of R.W. and S.R. and noted that they appeared to be minors and further noted that the background of the photo appeared to be the walls of the Best Value Inn, located in Independence.[19]He shared those observations with Officer Martin, who was working that evening.[20]

Later that evening, Officer Martin made a drop-in check at the front desk of the Best Value Inn.[21]There, the hotel manager alerted Officer Martin to "suspicious activity" involving Brown, his female associate, and the two minor women.[22]Specifically, the manager told Officer Martin that she observed the young girls acting "a little bit immature" and "giggly and stuff" as they left the room to get into a van with "these men."[23]The manager told the officer she believed S.R. and R.W. were teenagers.[24]

---

[17] *Id*. at 94-95, citing record.

[18] *Id*. at 95, citing record.

[19] *Id*., citing record.

[20] Id. at 96, citing record.

[21] *Id*. at 95, citing record.

[22] *Id*., citing record.

[23] *Id*., citing record.

[24] *Id*., citing record.

Having been alerted by the hotel manager, Officer Martin went to a bowling alley near the hotel where he could observe the hotel parking lot.[25]There, he called Officer Bates to inform him of what the hotel manager said and to confirm that the background on the Backpage photo was the walls of the Best Value Inn.[26]

While Officer Martin was observing the hotel parking lot, he noticed Brown, his female associate, and the two young girls leave the hotel, get into a van and begin to exit the parking lot.[27]While doing so, Officer Brown noticed that the van failed to make a complete stop where required and made an illegally wide turn over two lanes of traffic.[28]Officer Martin then stopped the vehicle for these traffic violations.[29]

At the traffic stop, Brown was arrested for driving with a suspended license.[30]Neither S.R. nor R.W. produced any photo identification, but they each provided Officer Martin with their birthdays, which established that they were both 15 years old.[31]In addition, while at the traffic stop, Officer Bates used his phone to twice call the number in the Backpage ad and each time the phone on the lap of Brown's female associate began to ring.[32]That woman, Stacie Drake, was then also placed under arrest.[33]

---

[25] *Id*., at 96, citing record.

[26] *Id*., citing record.

[27] *Id*., citing record.

[28] *Id*., citing record.

[29] *Id*., citing record.

[30] *Id*., citing record.

[31] *Id*. at 96-97, citing record.

[32] *Id*. at 97, citing record.

[33] *Id*., citing record.

R.W. and S.R. were also taken into custody and once they provided statements to police, were examined at MetroHealth for sexual assault.[34]The results of S.R.'s rape kit showed seminal fluid in her underwear.[35]

Subsequently, Brown was arrested and indicted on two counts of trafficking in persons, two counts of compelling prostitution, and one count of possessing criminal tools.[36]

On May 12, 2015, after extensive pre-trial activity arising from Brown's difficulty in agreeing to a plea and issues with his counsel,[37] a bench trial was conducted at which Brown testified.[38]Brown was then found guilty on all five counts.[39]

At the sentencing hearing, defense counsel related his difficulties with Brown on the record.[40]He stated that Brown was uncooperative to the point of being unwilling to acknowledge his own criminal history and "still thinks this [Brown's trial] is all my fault….[H]e, quite frankly your honor, is still that dense."[41]Nonetheless, Brown, for his part, spoke at his sentencing and told his attorney, "I know you are a great lawyer."[42]

---

[34] *Id*., citing record.

[35] *Id*., citing record.

[36] *Id*. at 98, citing record.

[37] *Id.* at 98-99, citing record.

[38] *Id*. at 99, citing record.

[39] *Id*., citing record.

[40] *Id*., citing record.

[41] *Id*. at 99-100, citing record.

[42] *Id*.at 100, citing record.

On August 11, 2015, Brown, as noted earlier, was sentenced to an aggregate term of 13 years in prison and fined $10,000.[43]Judgment was entered on August 14, 2015.[44]

## 2. Direct Appeal to Ohio Court of Appeals

Brown through new counsel,[45] timely[46] appealed to the Ohio appeals court on September 10, 2015.[47]In his appellate brief, Brown raised the following three assignments of error:

> 1. The trial court committed error when it granted the State's pretrial motion to amend the indictment to remove the *mens rea* of "knowing" from the age of Jane Does 1 and 2 as was charged in Counts One and Two of the indictment.
>
> 2. The evidence was insufficient as a matter of law to prove that Jane Doe 1 was less than 16 years of age as charged in Count 1 of the indictment and Mr. Brown's conviction on that count violated his right to due process.
>
> 3. Mr. Brown was denied the effective assistance of counsel when his attorney failed to object (1) amending Counts 1 and 2 of the indictment to remove the requirement that the State prove he knew S.R. and R.W. to be under sixteen years of age the evidence was insufficient as a matter of law to prove that Jane Doe was less than 16 years of age, and (2) hearsay testimony regarding the age of R.W. in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and under Section 10, Article 1 of the Ohio Constitution.[48]

---

[43] *Id*., citing record.

[44] *Id*. at 51.

[45] *Id*. at 54.

[46] To be timely, a direct appeal must be filed in the appellate court within 30 days of the judgment of conviction. Ohio App. R. 4(A). 30 days from August 14, 2015 is September 13, 2015. Thus, the electronic filing on September 10, 2015 is timely.

[47] ECF No. 10, Attachment at 55.

[48] *Id.* at 65.

The State filed a brief in opposition,[49] to which Brown replied.[50] On October 6, 2016, the Ohio appeals court overruled all assignments of error and affirmed the judgment of the trial court.

### '3.    *Ohio Supreme Court*

On November 21, 2016, Brown, through his appointed appellate counsel, timely[51] filed a notice of appeal with the Supreme Court of Ohio.[52] In his memorandum is support of jurisdiction, he raised the following three propositions of law:

> 1.    A defendant is prejudiced and an amendment to an indictment is improper when the amendment removes an element of the offense that was part of the indictment as returned by the grand jury.
>
> 2.    When the only evidence that Jane Doe 1 was less than 16 years old is inadmissible hearsay, the evidence was insufficient to prove the offense and the conviction must be vacated.
>
> 3.    A defendant's right to the effective assistance of counsel is violated when his attorney fails to object to a prejudicial amendment of the charges against him and to inadmissible hearsay which was the only evidence of an element of a charged offense.[53]

---

[49] *Id*. at 86.

[50] *Id*. at 123.

[51] Ohio S. Ct. Prac. R. 7.01 (A)(1)(a)(i) provides that a notice of appeal be filed in the Supreme Court within 45 days of the appellate judgment for which review is sought. Here, 45 days was Sunday, November 20, 2016. November 21, 2016 is the next business day and so the filing was timely. Ohio S. Ct. Prac. R. 3.03(A)(1).

[52] ECF No. 10, Attachment at 143-44.

[53] *Id*. at 145. Although the return of the writ states that Brown filed *pro se* in the Ohio Supreme Court (ECF No. 10 at 6), in fact, as noted above, both the notice of appeal and the memorandum in support of jurisdiction were filed by appointed counsel, an assistant public defender. ECF No. 10, attachment at 144, 160-1).

The State filed a response[54] and on July 5, 2017, the Supreme Court of Ohio declined to accept jurisdiction.[55]

### Proceedings in the Supreme Court of the United States

On September 29, 2017, Brown, also through appointed counsel, timely[56] filed a petition for a writ of certiorari with the Supreme Court of the United States.[57]The petition raised a single question:

> When trial counsel does not object to, in fact affirmatively approves, the improper amendment of an indictment that reduces the state's burden of proof which otherwise the state could not have met, has the client been denied the effective assistance of counsel?[58]

On December 11, 2017, the United States Supreme Court denied the petition.[59]

### Ohio Rule of Appellate Procedure 26(B) Application to Reopen the Appeal

While the direct appeal to the Supreme Court of Ohio was pending, Brown, *pro se*, on December 29, 2016 filed an application on under Ohio App. R. 26(B) to reopen his appeal.[60]In the application Brown asserted that his appellate counsel was ineffective for not raising the following three issues on appeal:

---

[54] ECF No. 10, attachment at 162.

[55] *Id.* at 171.

[56] A petition for a writ of certiorari must be filed within 90 days of the entry of the lower court's judgment. 28 U.S.C. § 2101(c). Although not relevant to the present matter, that 90 day time period was extended to 150 days by Court Order entered on March 19, 2020 to address situations created by COVID-19.

[57] ECF No. 10, attachment at 172.

[58] *Id*. at 173.

[59] *Id*. at 194.

[60] *Id*. at 195.

1.      A purely pretextual traffic stop preceded the police interrogation and warrantless seizure of cellphones belonging to minivan passengers.[61]

2.      Evidence gathered by police officers following the traffic stop was the result of an unconstitutional interrogation.[62]

3.      The constitutional and statutory guarantee of speedy trial was violated by the trial court.[63]

The State responded in opposition.[64] On August 11, 2017, the Ohio appeals court denied the application to reopen the appeal.[65]

Thereupon, Brown, *pro se*, timely filed a notice of appeal with the Supreme Court of Ohio.[66] In his memorandum in support of jurisdiction, Brown raised the following two propositions of law:

1.      A defendant has the constitutional right to be free from unreasonable search and seizure stemming from a purely illegal pretextual traffic stop which preceded the police interrogation and warrantless search and seizure of cell phones belonging to the passengers and statements made, resulting in the defendant's arrest and conviction at trial.

2.      The defendant's constitutional and statutory guarantee of speedy trial rights were violated by the trial court.[67]

---

[61] *Id*. at 199.

[62] *Id*. at 201.

[63] *Id*. at 202.

[64] *Id*. at 209.

[65] *Id*. at 217.

[66] *Id.* at 236.

[67] *Id*. at 239.

The State waived a response.[68]On December 6, 2017, the Ohio Supreme Court declined to accept jurisdiction.[69]

### Federal Habeas Petition

On December 4, 2018, Brown, *pro se*, timely[70] filed the present petition for federal habeas relief.[71]Brown raises the following four grounds for habeas relief:

> 1.     Trial court committed error by granting the state's amendment to the indictment to remove the mens rea of "knowing" from the age of Jane Does 1 and 2 as was charged in counts 1 and 2 of the indictment.

> 2.     Whether the evidence was insufficient as a matter of law – actual innocence – to prove (1) each and every essential element as charged in each count of the indictment, and (2) whether the evidence was sufficient to prove Jane Doe 1 was less than 16 years of age as charged in count one of the indictment and Mr. Brown right on each count violated his right to due process.

> 3.     Whether Mr. Brown was denied the effective assistance of counsel when his attorney failed to object to (1) amending counts 1 and 2 of the indictment to remove the requirement that the state prove he knew S.R. and R.W. to be under 16 years of age, the evidence was insufficient as a matter of law to prove Jane Doe 1 was less than 16 years of age, and (2) hearsay testimony regarding the age of R.W. in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and under Section 10, Article I of the Ohio Constitution.

> 4.     Appellate Counsel was ineffective for failing to raise ineffective assistance of trial counsel's failure to file a motion to suppress and request a probable cause hearing and challenge the unconstitutional pretextual stop and file a ninety-day speedy trial motion to dismiss.[72]

---

[68] *Id*. at 267.

[69] *Id*. at 268.

[70] The petition was filed within one year of the conclusion of Brown's direct appeal, as augmented by his petition for a writ of certiorari, which, as noted, was December 11, 2017. The filing date here is the date Brown states that he placed the petition in the prison mail system. *Houston v. Lack*, 487 U.S. 266 (1988).
[71] ECF No. 1.

[72] *Id*. at 5-9.

The State filed a return of the writ, arguing, *inter alia*, that:

Ground One should be dismissed as stating a non-cognizable state law claim,[73]or alternatively be denied as being without merit;[74]

Ground Two should be dismissed as procedurally defaulted for lack of contemporaneous objection at trial and/or for lack of fair presentment to the state courts as a federal constitutional issue,[75] or, alternatively be denied as being without merit because the Ohio appeals court decision in this regard was not an unreasonable application of the clearly established federal law of the sufficiency of the evidence;[76]

Ground Three should denied on the merits because the Ohio appeals court decision was not an unreasonable application of the clearly established federal law on ineffective assistance of counsel;[77]

Ground Four should be denied on the merits because the Ohio appeals court decision in this regard was not an unreasonable application of the clearly established federal law on the ineffective assistance of counsel,[78]or, alternatively, be dismissed as procedurally defaulted for lack of fair presentment.[79]It further argues that the alleged failure of counsel to raise a speedy trial violation should alternatively be dismissed as procedurally defaulted

---

[73] ECF No. 10 at 16-20.

[74] *Id*. at 20.

[75] *Id*. at 24-27.

[76] *Id*. at 21-24, 27-28.

[77] *Id*. at 28-31.

[78] *Id*. at 32-35.

[79] *Id*. at 35-37.

for lack of fair presentment.[80]It also argues, in regards to counsel not moving to suppress, that the claim should be denied because the Ohio appeals court decision in this respect was not an unreasonable application of the clearly established federal law concerning ineffective assistance of counsel.[81]

Finally, the State argues that none of the procedural defaults can be excused by showing either cause of prejudice.[82]The State further notes that Brown cannot show actual innocence.[83]

Brown filed a lengthy[84] traverse.[85]

## Analysis

### 1.    Preliminary Observations

Before proceeding further, I make the following preliminary observations:

*       There is no dispute that Brown is in custody of the State of Ohio as a result of his conviction and sentence by an Ohio court in the matter that is the subject of this petition, and that he was so incarcerated at the time he filed the petition, thus vesting this Court with jurisdiction.[86]

---

[80] *Id*. at 39-43.

[81] *Id*. at 44-47.

[82] *Id*. at 37-38.

[83] Id. at 38-39.

[84] 61 pages.

[85] ECF No. 14.

[86] 28 U.S.C. § 2254(a).

\*        There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[87]

\*        In addition, Brown states in his petition,[88] and my own review of this Court's docket confirms, that this is not a second or successive petition for federal habeas relief arising from this conviction and sentence.[89]

\*        Moreover, subject to the procedural default arguments raised by the State, it appears that all claims have been totally exhausted in the Ohio courts either because they have been presented through one full round of Ohio's established appellate review procedure or cannot be now presented due to Ohio's established *res judicata* rule.[90]

\*        Finally, Brown in his petition has neither sought the appointment of counsel nor requested an evidentiary hearing.

## 2.        Recommended Adjudication

### a.        *Ground One*

As noted, in Ground One Brown argues that the trial court erred in allowing the State to amend the indictment so as to remove the element that Brown knew that Jane Does 1 and 2 were under 18 years old. Brown asserts that the amendment effectively lessened the State's burden of proof below what was required in the original indictment.

---

[87] 28 U.S.C. § 2254(d)(1).

[88] ECF No. 1 at 11.

[89] 28 U.S.C. § 2254(b).

[90] 28 U.S.C. § 2254(b).

Brown raised the issue to the Ohio courts on direct appeal as a violation of his Fifth Amendment right to be tried according to the indictment. The Ohio appeals court analyzed and rejected this claim as follows:

> The parties do not dispute that the deleted language [regarding *mens rea*] was not required to establish a violation of trafficking in persons under R.C. 2905.32(A)(2)(a). Brown instead argues that he was prejudiced by the trial court's amendment because the state was not held to the additional, heightened burden stated in the indictment returned by the grand jury.
>
> Under Crim R. 7(D), a court may amend an indictment "at any time" if the amendment does not change the "name or identity of the crime charged." An amendment that changes the penalty or degree of the charged offense changes the identity of the offense and is not permitted by Crim. R. 7(D). However, '[a]s long as the state complies with Crim. R. 7(D), it may cure a defective indictment by amendment, even if the original indictment omits an essential element of the offense with which the defendant is charged."

The present case is not about the omission of an essential element but rather the deletion of a superfluous one. Regarding this distinction, Brown's argument relies upon the United States Supreme Court's decision in *Ex parte Bain*. In *Bain*, the indictment charged that Bain, the cashier and director of a bank, made false statements "with intent to deceive the Comptroller of the Currency and the agent appointed to examine the affairs of the bank." Before trial, the court struck the words "Comptroller of Currency and," on the grounds that they were superfluous. The jury found Bain guilty. Bain challenged the amendment to the indictment in a petition for a writ of habeas corpus. The court held that the deletion of allegations from the indictment that would not have been necessary to prove the offense was an unconstitutional amendment that compromised the defendant's right to be tried only on a grand jury's indictment.

But the Supreme Court retreated from this particular portion of *Bain*'s holding in *United States v. Miller*. The *Miller* court noted that *Bain* involved an amendment that deleted from an indictment allegations that would not have been necessary to prove the offense. *Miller* then proceeded to overrule that portion of *Bain*'s holding that such an amendment was unconstitutional:

> To the extent that *Bain* stands for the proposition that it constitutes an unconstitutional amendment to drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within it, that case has simply not survived. To avoid further confusion, we now explicitly reject that proposition.
>
> Consistent with *Miller* and Crim. R. 7(D), we find no error in the trial court's amendment of the indictment for the purpose of deleting the superfluous *mens rea* here.[91]

The State notes first that there is no federal constitutional right to an indictment as to trials in state court, since the Fifth Amendment requirement that criminal defendants be charged by an indictment does not apply to the states[92] nor is it incorporated into the Due Process requirements made applicable to the states by the Fourteenth Amendment.[93]Instead, the Fourteenth Amendment's Due Process clause incorporates the Sixth Amendment's protection that an accused be receive fair notice of the charges against him.[94]

---

[91] ECF No. 10, Attachment 2 at 135-38.

[92] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[93] *McDonald v. City of Chicago*, 130 S.Ct. 3020, n. 13 (2010).

[94] *Watson v. Jago*, 558 F.2d 330, 338 (6th Cir. 1977) (citations omitted).

That said, beyond receipt of fair notice, a claimed deficiency in a state criminal indictment is not cognizable in a federal habeas proceeding.[95] An "indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings."[96] In *Mira*, similar to the present matter, the defendant claimed the indictment was defective for omitting the mental state for aggravated robbery. The Sixth Circuit disagreed, finding that the indictment absent the requirement for finding a mental state provided sufficient information to the defendant of the charge against him and protected him from multiple prosecution for the same offense.[97]

Here, the Ohio appeals court likewise found that the amendment deleted a non-essential or superfluous element while giving Brown adequate notice of the charge against him. As such, the amendment failed to implicate a federal constitutional right and, therefore, Ground One is non-cognizable here. Further, to the extent that Ground One alleges a violation of Ohio Crim. R. 7(D), that claim is also a non-cognizable state law claim. Thus, Ground One should be dismissed.

In addition, and in the alternative, the Ohio court, citing the Supreme Court decision in *Miller*, found that Ground One had no merit. In that regard, Ground One can be denied

---

[95] *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002).

[96] *Mira v. Marshall*, 806 F.3d 636, 639 (6th Cir. 1986).

[97] *Id.*

as the Ohio court's decision was not an unreasonable application of the U.S. Supreme Court's holding in *Miller*

### b.    *Ground Two*

In Ground Two, Brown contends that there was insufficient evidence to prove every element of the offenses charged in the indictment. Particularly, he now asserts that there was no evidence to support finding that he had knowledge of, received cash for or had an agreement with the alleged victims to engage in sex for hire, nor was there evidence, beyond alleged hearsay, to prove that Jane Doe was less than 16 years old as charged in Count One.[98]

The federal constitutional test for sufficiency of the evidence is the well-known inquiry of *Jackson v. Virginia*.[99]Specifically, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt.[100]To that point, the reviewing court gives deference to the findings of the jury in that it does not reweigh the evidence, re-evaluate the credibility of witnesses or substitute its judgment for that of the jury.[101]Circumstantial evidence alone may support a conviction as it is entitled to the same weight as direct evidence.[102]

---

[98] ECF No. 1 at

[99] 443 U.S. 307, 402 (1993).

[100] *Id.*

[101] *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

[102] *Johnson v. Coyle*, 200 F.3d 987, 992 (6th Cir. 2000) (citations omitted); see also, *Durr v. Mitchell*, 487 F.3d 423, 448 (6th Cir. 2007).

In addition to the deference owed to the jury's decision, another level of deference applies to a sufficiency of the evidence analysis by the federal habeas court. Specifically, even if the reviewing federal habeas court were to conclude that a rational trier of fact could not have found all the elements of the offense proven beyond a reasonable doubt, the federal court must then still defer to the state appellate court's sufficiency finding as long as that finding is itself not an unreasonable application of clearly established federal law, as the term "unreasonable" is defined by the Supreme Court.[103]

Here, the Ohio appeals court reviewed the only element of the insufficiency of the evidence claim that was presented to it, namely, that the only evidence for the age of Jane Doe 1 (which was an element of the offense under the statute) was hearsay. Brown's other aspects to this claim that were first submitted here – that there was insufficient evidence that he knew of, profited by or had an agreement with the victims regarding sex for hire – are not part of the claim under review.[104]

In that regard, the Ohio appeals court began its analysis of Brown's claim by noting that establishing that R.W. was less than 16 years of age at the time of the offense is required to obtain a conviction under R.C. 2905.32(A)(2)(b).[105]It then noted that because R.W. didn't testify at trial, the evidence that she was 15 years old at the time came from her medical records, that were introduced during the testimony of the nurse that examined

---

[103] *Brown*, 567 F.3d at 205; see also, *White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009).
[104] *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (federal habeas petitioner limited to arguing same claim on the same facts and legal theory that were presented to the state court).
[105] ECF No. 10, Attachment 2 at 138.

her.[106] The court made a point of noting that Brown stipulated to those medical records at trial, reserving only a confrontation clause objection because R.W. failed to testify at trial.[107] To that point, the court explicitly noted that statements made for the purpose of medical diagnosis and treatment are non-testimonial.[108]

That said, the court then found that because Brown had stipulated to the medical records and did not reserve an objection to the records containing hearsay, the present challenge is precluded.[109]

The court continued that even if Brown had conditioned his stipulation to the medical records on reserving a hearsay objection, the nurse's testimony that she obtained R.W.'s birthday in connection with obtaining information from a patient in connection with providing treatment would have made the information an exception to the hearsay rule.[110] "One can hardly argue that that level of documentation by medical providers was accomplished for an investigative purpose rather than for providing appropriate medical treatment."[111]

Accordingly, I recommend first that Ground Two, as it relates to alleged admission of hearsay, be dismissed as procedurally defaulted. As the Ohio court specifically stated, Brown stipulated to the medical records without reserving an objection for hearsay. Thus,

---

[106] *Id*. at 138-39.

[107] *Id*.

[108] *Id*.

[109] *Id*.

[110] *Id*. at 138-39.

[111] *Id*. at 139.

according to Ohio law, Brown waived the right to raise such a hearsay argument on appeal, making the matter procedurally defaulted here.

In addition to the waived argument as to alleged hearsay, Ground Two also now purportedly raises an argument as to whether there was sufficient evidence to show that Brown had knowledge of, received cash for, or had any agreement with the victims to engage in sex for hire. As noted earlier, Brown is limited to raising in his federal habeas claim only the same claims on the same legal theories and same evidence as he raised to the state court. Other than the claim concerning sufficiency of the evidence to prove that R.W. was under 16 years old, Brown raised no other sufficiency of the evidence claim to the state court.[112]Accordingly, Brown has not fairly presented to the Ohio courts any claim regarding proof of his knowledge of or profit from any financial arrangement with the victims. Thus, such a claim here should be dismissed as procedurally defaulted.

Further, any free-standing claim of actual innocence should be dismissed as non-cognizable.[113]

As to the above procedural defaults, Brown cannot excuse any of them by showing cause and prejudice or miscarriage of justice. Specifically, he cannot blame ineffective assistance of appellate counsel, since his Rule 26(B) application only raised claims related to the traffic stop, interrogation, the seizure of cell phones and speedy trial.[114]Nor can he

---

[112] *Id*. at 63.

[113] *Herrera v. Collins*, 506 U.S. 390 (1993).

[114] ECF No. 10, Attachment 2 at 195.

show prejudice because he cannot demonstrate a reasonable probability that the result at a bench trial would have been different. Finally, he has not come forth with new, reliable evidence not presented at trial that would contradict R.W.'s age.

Finally, even if all procedural defaults were excused, Ground Two should be denied on the merits. The Ohio court found that under Ohio law the medical records containing R.W.'s age were admissible as an exception to the hearsay rule. This interpretation of Ohio law by an Ohio court is binding on this Court.[115]

Accordingly, I recommend that Ground Two be dismissed and/or denied as is more fully set forth above.

### c.  Ground Three

In Ground Three, Brown alleges that he was denied the effective assistance of trial counsel when counsel failed to object to amending the indictment and to the purported hearsay regarding R.W.'s age.

The relevant federal law concerning the effective assistance of counsel is well-established and was stated by the Supreme Court in *Strickland v. Washington*.[116]The standard involves two components, both of which must be established to prove that counsel was ineffective.[117]First, counsel must have made objectively serious errors such that he

---

[115] Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

[116] 466 U.S. 668, 687 (1984).

[117] *Id*. at 697.

was not functioning as was guaranteed by the Sixth Amendment, and second, the errors must have prejudiced the defendant by undermining the reliability of the result.[118]

Under the first prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness based on the circumstances.[119]The reviewing court must be highly deferential to the choices made by counsel, giving counsel's actions a strong presumption of reasonableness.[120]When counsel's conduct is reviewed by a federal habeas court that is evaluating the decision of the state court in that regard, the deference is particularly high.[121]

As to the second "prejudice" prong, a petitioner must show that there is a reasonable probability that, but for his counsel's errors, the result of the criminal proceeding would have been different.[122]A showing that the alleged error may have had some conceivable effect on the outcome of the proceeding is insufficient.[123]That said, the petitioner need not show that counsel's conduct "more likely than not" altered the outcome.[124]

Here, the Ohio appeals court explicitly analyzed Brown's ineffective assistance claim under the *Strickland* rubric.[125]The court then noted, by reference first to its conclusions regarding the permissibility of the amendment to the indictment, that there was

---

[118] *Id*. at 687.

[119] *Id*. at 688.

[120] *Id*. at 689.

[121] *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011).

[122] *Strickland*, 466 U.S. at 694.

[123] *Id*. at 693.

[124] *Id.*

[125] ECF No. 10, Attachment 2 at 140.

objectively no error in counsel failing to object to such an amendment.[126] Next, it likewise concluded that there was no objective error in counsel failing to object to testimony introducing medical records containing R.W.'s age since such records were stipulated to by Brown and are a recognized exemption to the hearsay rule.[127]

Thus, as the Ohio court determined, Brown cannot show objectively deficient performance on the part of trial counsel for failing to raise meritless objections. Further, given that there was no merit to such objections, Brown cannot show that he was prejudiced by the fact that counsel did not raise them.

Accordingly, I recommend that Ground Three be denied on the merits because the decision of the Ohio court in this matter was not an objectively unreasonable application of the clearly established federal law of *Strickland*

### d.    *Ground Four*

In Brown's fourth ground, he contends that his appellate counsel was ineffective for failing to raise an issue as to trial counsel's failure to move to suppress evidence resulting from the purportedly improper, pretextual vehicle stop and for failing to move to dismiss the case based on a claimed speedy trial violation.

The clearly established federal law regarding ineffective assistance of appellate counsel is based on the *Strickland* standard for trial counsel. In the first prong, appellate

---

[126] *Id.*

[127] *Id.* at 141.

counsel's action is objectively unreasonable only if he failed to raise a strong, compelling claim.[128]Next, the petitioner must show that a reasonable probability exists that the petitioner would have prevailed in the appeal if the claim had been asserted.[129]Reviewing courts recognize that an attorney need not assert every argument on appeal, regardless of merit, urged on him by the appellant.[130]Rather, to prevail in a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues which were clearly stronger than those asserted.[131]As with a claim involving alleged ineffective assistance of trial counsel, appellate counsel's performance is strongly presumed to be effective.[132]

The Ohio appeals court first reviewed Brown's ineffective assistance of appellate counsel claims as to whether appellate counsel should have argued that trial counsel was ineffective for not moving to suppress the results of the traffic stop because there was no probable cause for the stop and no warrant was obtained to seize cell phones.[133] Further, the Ohio appeals court considered whether Brown's speedy trial rights were violated under Ohio law.[134]

---

[128] *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008).

[129] *Id*.

[130] *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

[131] *Webb v. Mitchell*, 586 F.3d 383, 399 (6th Cir. 2009).

[132] *Scott v. Mitchell,* 209 F.3d 854, 880 (6th Cir. 2000) (citation omitted).

[133] ECF No. 10, Attachment 2 at 221.

[134] *Id*. at 223-27.

As to the issue of whether trial counsel should have sought to suppress evidence from the traffic stop, the Ohio court initially laid out the factual basis for finding that there was probable cause for the stop. Essentially, the appeals court observed that the stop and subsequent investigation was ultimately factually supported by:

(1) the police investigation that identified the motel as a potential place of prostitution;

(2) the discovery that the van being used by Brown did not have the proper license plates and that Brown's license had expired;

(3) the observation that the van, upon pulling out of the motel parking lot, committed several traffic violations;

(4) the two girls seen in the van appeared to be the girls in the Backpage ad; and

(5) the cellphone of Brown's fiancée, who was in the van, rang when the number in the Backpage ad was called.[135]

The appeals court then noted that, given this evidentiary background, Brown's trial attorney concluded that a motion to suppress would probably not have been successful and that an unsuccessful attempt to push such a motion might harden the state's position as regards a favorable plea bargain.[136]Further, the court observed that the observed traffic violations alone would have provided a sufficient basis for the stop and further

---

[135] *Id*. at 221-22.
[136] *Id*. at 223.

investigation.[137]It also noted, as a matter of law, that calling a cell phone number is not a warrantless search.[138]Thus, the court concluded that it would not second-guess the strategy of either trial or appellate counsel in this respect.[139]

As to the speedy trial claim, the Ohio appeals court detailed how any speedy trial challenge would have been without merit.[140]In short, viewing the evidence in a light most favorable to Brown, and detailing how the events on the docket and tolled periods correlated with the 90 period after Brown's arrest, the Ohio court showed that only 53 of the allowed 90 days had elapsed between Brown's arrest and trial.[141]The State points out that the Ohio court's factual findings are binding on this Court and that its application of Ohio's speedy trial law is also binding.[142]

Thus, both claims contained in Ground Four should be denied on the merits for the reasons stated above.

In addition, the State has presented a thorough, well-crafted argument that the claims in Ground Four are procedurally defaulted under different theories.[143]That said, it is well-established that a federal habeas court is not required to address a claim of procedural default before deciding against the petitioner on the merits.[144]Specifically, the

---

[137] *Id*.

[138] *Id*.

[139] *Id*.

[140] *Id*. at 223-27.

[141] *Id*.

[142] ECF No. 10 at 46.

[143] *Id*. at 35-44.

[144] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

federal habeas court may bypass the issue of procedural default when the issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[145]

Here, because the procedural default arguments involve determinations of when an issue has been fairly presented to the state courts over various levels, and because, as noted above, the ultimate claims of Ground Four are readily resolved against Brown on the merits, I recommend bypassing, without deciding, the procedural default arguments advanced by the State as regards this claim.

## Conclusion

Accordingly, for the reasons stated above, I recommend that the petition of Fredric Brown for a writ of habeas corpus be dismissed in part and denied in part as is more fully detailed above.

IT IS SO RECOMMENDED.

Dated: January 7, 2022                         s/William H. Baughman Jr.

                                              United States Magistrate Judge

---

[145] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

**NOTICE REGARDING OBJECTIONS**

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.