UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDRIC A. BROWN, | ) | Case No. 1:18-cv-2820 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | William H. Baughman, Jr. |
| SHELBIE SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 22) in this habeas action. The Magistrate Judge recommends that the Court dismiss in part and deny in part the petition for a writ of habeas corpus, which would have the effect of denying relief.

In the Report and Recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (ECF No. 22, PageID #1183–91.) In short, Mr. Brown was convicted of five counts of trafficking, compelling prostitution, and possession of criminal tools following a bench trial. He was sentenced to an aggregate term of imprisonment of 13 years, plus a $10,000 fine. Petitioner unsuccessfully challenged his conviction on direct appeal and through collateral proceedings in State court before commencing this action. (*Id.*)

Petitioner asserts four grounds for relief. (ECF No. 1, PageID #5–11.) The Magistrate Judge recommends that the Court deny ground one because the State court's adjudication is not an unreasonable application of federal constitutional law

as determined by the Supreme Court. (ECF No. 22, PageID #1197–98.) With respect to ground two, the Magistrate Judge recommends dismissal of the claim as procedurally defaulted to the extent it involves questions regarding the admissibility of medical records and sufficiency of the evidence as it relates to the age of the victim. (*Id.*, PageID #1200, #1201.) Further, the Magistrate Judge recommends dismissal on the merits because the Ohio courts applied Ohio law in making and affirming the evidentiary rulings at issue. (*Id.*, PageID #1202.) (To the extent the Magistrate Judge recommends dismissal of a freestanding claim of actual innocence as non-cognizable, the Court declines to take up that issue on this record in light of the procedural defaults at issue, because Petitioner has not made a sufficient showing of actual innocence to set aside the procedural defaults that bar review.)

With respect to ineffective assistance of counsel (ground three), the Magistrate Judge recommends denial of the claim on the merits. (*Id.*, PageID #1204.) Finally, in ground four (ineffective assistance of appellate counsel), the Magistrate Judge recommends denying the claim on the merits. (*Id.*, PageID #1207.) The Report and Recommendation stated that any objections were due fourteen days after service and advised Petitioner that failure to timely object may waive the right to appeal the Court's order. (*Id.*, PageID #1209.)

The Report and Recommendation was filed on the docket on January 7, 2022 (ECF No. 22) and mailed to Petitioner the same day. Nonetheless, Petitioner has failed to object to the Magistrate Judge's Report and Recommendation. Under the law of this Circuit, "failure to object to a magistrate judge's Report and

2

Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Recently, the Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recomendation. Therefore, the Court **ADOPTS** the Report and Recommendation

3

(ECF No. 22) and **DISMISSES** the action **WITH PREJUDICE**.  The Court further

**DIRECTS** the Clerk to enter judgment accordingly.

  **SO ORDERED**.

Dated:  February 8, 2022

                */s/ J. Philip Calabrese*
                J. Philip Calabrese
                United States District Judge
                Northern District of Ohio