# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| FREDRIC A. BROWN, | ) | Case No. 1:18-cv-02820 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | William H. Baughman, Jr. |
| TOM WATSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Frederic A. Brown, a prisoner in State custody, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Shelbie Smith, Warden of North Central Correctional Institution, filed a return of writ. Petitioner filed a traverse in support. The Magistrate Judge issued a report and recommendation that the Court deny the habeas petition. Petitioner did not timely object to the report and recommendation. Accordingly, the Court adopted the Magistrate Judge's report and recommendation and dismissed the petition with prejudice. Petitioner later filed a motion for reconsideration and a motion to stay disposition of his habeas petition and hold it in abeyance. For the reasons set forth below, the Court **DENIES** Petitioner's motions to stay and for reconsideration.

## FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge set forth the history of the case in the report and recommendation. (ECF No. 22, PageID #1183–87.) Petitioner Frederic A. Brown was convicted of two counts of trafficking in persons, two counts of compelling

prostitution, and one count of possessing criminal tools.  (*Id.*, PageID #1186.)  The State trial court sentenced Mr. Brown to 13 years in prison, plus a $10,000 fine.  (*Id.*, PageID #1187.)  Mr. Brown unsuccessfully challenged his conviction on direct appeal in State court (*id.*, PageID #1187–88), and the United States Supreme Court denied his petition for a writ of certiorari (*id.*, PageID #1188–89).  Mr. Brown also filed a petition to reopen his appeal, which was denied.  (*Id.*, PageID #1189–91.)

Then, in federal court Petitioner applied for a writ of habeas corpus asserting four grounds for relief.  (*Id.*, PageID #1191–93.)  Ground One alleged that the State trial court errored by granting the State's amendment to the indictment.  ([ECF No. 1](), PageID #5.)  Ground Two alleged that the evidence was insufficient as a matter of law to prove the elements essential to the counts of the indictment.  (*Id.*, PageID #6.)  Ground Three alleged ineffective assistance of trial counsel, and Ground Four alleged ineffective assistance of appellate counsel.  (*Id.*, PageID #7–9.)

On January 7, 2022, the Magistrate Judge filed his report which recommended that the Court deny the habeas petition in part and dismiss it in part.  ([ECF No. 22](), PageID #1182.)  The report and recommendation was mailed to Lebanon Correctional Institute the same day.  ([ECF No. 26-1](), PageID #1226.)  However, Petitioner was transferred from Lebanon Correctional Institute to North Central Correctional Institution around January 1, 2022 and did not receive the report and recommendation until January 21, 2022.  (*Id.*)  As a result, Petitioner did not file objections to the report and recommendation.  On February 8, 2022, the Court adopted the Magistrate Judge's report and recommendation and dismissed the

2

petition with prejudice.  (ECF No. 23, PageID #1212–1213.)  Petitioner now moves to stay and hold in abeyance his habeas petition (ECF No. 25) and moves the Court to reconsider the four grounds of his habeas petition (ECF No. 26).

## ANALYSIS

### I.    Motion to Stay

District courts have discretion to stay habeas proceedings on exhausted claims so that petitioners may return to State court to exhaust remedies on their remaining claims.  *Sueing v. Palmer*, 503 F. App'x 354, 357 (6th Cir. 2012).  But this discretion is limited.  The "'stay-and-abeyance' procedure 'should be available only in limited circumstances,' because district courts normally do not have the power to issue stays, and because over-expansive use of the procedure would thwart the finality interest that AEDPA promotes."  *Banks v. Jackson*, 149 F. App'x 414, 421–22 (6th Cir. 2005) (quoting *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).

When determining whether to stay a habeas petition, courts consider the following factors:  "(1) whether the petitioner had good cause for failing to exhaust his claims in State court; (2) whether the unexhausted claims are plainly meritless; and (3) whether the petitioner is engaged in intentionally dilatory litigation tactics."  *Moss v. Sloan*, No. 1:18-cv-2967, 2019 WL 2271899, at *3 (N.D. Ohio Apr. 2, 2019) (citing *Rhines*, 544 U.S. at 277–78).  Petitioner bears the burden of showing that his request satisfies all three factors.  *Sueing*, 503 F. App'x at 357 (citing *Rhines*, 544 U.S. at 277–78).

Here, Petitioner requests a motion to stay to exhaust his ineffective assistance of counsel claims in State court based on newly acquired evidence.  (ECF No. 25,

PageID #1215.)  Petitioner's request plainly lacks merit.  Not only does Petitioner fail to explain how or why his claims are unexhausted, but he also fails to demonstrate how the newly acquired evidence renders his trial counsel's representation ineffective.  As stated in the Magistrate Judge's report and recommendation, Petitioner's ineffective assistance of counsel claims did not meet the federal standard set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  (ECF No. 22, PageID #1204.)  And Petitioner fails to argue that his newly found evidence meets the *Strickland* standard.  For these reasons, and because Petitioner seeks to stay a petition the Court already denied in part and dismissed in part, the Court **DENIES** Petitioner's motion to stay and hold in abeyance.

## II.    Motion for Reconsideration

Next, Petitioner seeks reconsideration of the Court's order adopting the Magistrate Judge's report and recommendation.  (ECF No. 26.)  Although labeled as a motion for reconsideration, Petitioner asserts four objections to the report and recommendation.  In its Order, the Court adopted the report and recommendation on two grounds:  (1) the Court found that Petitioner forfeited his right to object by failing to do so; and (2) the Court concluded that there was no clear error in the report and recommendation.  (ECF No. 23, PageID #1212.)

Petitioner asserts that he did not receive the report and recommendation until after the time for objecting expired.  (ECF No. 26-1, PageID #1226.)  Therefore, Petitioner argues, the Court should reconsider its Order.  (*Id.*)  This argument is unpersuasive.  The time for objecting is "fourteen days after being served" with a copy of the report and recommendation.  28 U.S.C. § 636(b)(1)(C).  Further, the report and

recommendation itself advised that the parties had fourteen days after the date of service to submit objections and warned that failure to object within the specified time may waive the right to appeal the District Court's order.  (ECF No. 22, PageID #1209.)  Even if it is true that Petitioner was served the report and recommendation on January 21, 2022, then the time for objecting was fourteen days later: February 4, 2022.  Because Petitioner did not file his objections within the fourteen-day period, he waived review of the report and recommendation.  Moreover, Petitioner makes no argument and presents no evidence that the mail-box rule applies such that his objections (such as they are) are timely.  *See Houston v. Lack*, 487 U.S. 266, 275 (1988).

In any event, as it did when it adopted the Magistrate Judge's report and recommendation, the Court has independently reviewed the record and concluded that there is no clear error in the Magistrate Judge's report and recommendation. Accordingly, the Court **DENIES** Petitioner's motion for reconsideration.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Petitioner's motions to stay (ECF No. 25) and for reconsideration (ECF No. 26).  Further, the Court **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED.**

Dated:  August 2, 2022

 

 

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio